**[NOT FOR PUBLICATION]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| TIMOTHY MAKAS, | : | |
| Plaintiff, | : | |
| -against- | : | 06 Civ. 14305 (DAB) (AJP) |
| DR. KRISTIN ORLANDO, DR. SHAH, | : | **REPORT AND RECOMMENDATION** |
| DR. MALIK, DR. WIREDU, DR. BETH JUDGE, | | |
| MR. CARBONA, HOWARD HOLANCHOCK, | : | |
| ZELMA ARMSTRONG, DR. G. SHIVASHANKAR | | |
| & MR. KATHPALIA, | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Deborah A. Batts, United States District Judge:**

Presently before the Court is defendants' motion to dismiss plaintiff's amended complaint. (Dkt. No. 20.)

1.  Plaintiff's Retaliatory Confinement Claim: Plaintiff claims that defendants have continued to confine him in retaliation for his bringing lawsuits. Any such retaliation can have taken place only <u>after</u> the filing of this lawsuit in late September 2006 or his prior lawsuit (05 Civ. 7180) in Mid-July 2005. It is unclear from plaintiff's amended complaint which, if any, of the defendants prepared retention or similar reports allegedly in retaliation for plaintiff's lawsuits, after the date of the lawsuit. Nor is the record clear whether there has been an application to or a court

2

hearing or order as to plaintiff's retention, transfer or release, subsequent to the filing of the prior (05 Civ. 7180) lawsuit.

  2. With respect to plaintiff's invasion of privacy claim, as defendants' motion papers make clear, plaintiff "does not specify when defendant(s) disclosed what type of information," nor does he specify which defendants were informed, and when, that his criminal defense attorney Mr. Schenker had been fired.  (See Dkt. No. 21: Defs. Br. at 17.)

  3. Because plaintiff is pro se and institutionalized in a psychiatric hospital, the Court is reluctant to either (i) dismiss the amended complaint for his failure to specify information that is necessary to decide the viability of his claims, or (ii) require him to further amend the complaint, or (iii) deny defendants' motion to dismiss in substantial part and allow full discovery, since it is not clear that plaintiff can present no facts in support of his claims that would state a cause of action.  Accordingly, defendants' motion to dismiss the amended complaint (Dkt. No. 20) should be DENIED without prejudice, subject to the following procedures:  Defendants shall take plaintiff's deposition (and Schenker's deposition, if necessary), and move for summary judgment (i.e., renew the motion to dismiss but as a summary judgment motion), including submitting affidavits from defendants if appropriate.  The summary judgment motion also should address the Rooker-Feldman issue as to whether plaintiff's § 1983 claims interfere with state proceedings (an issue raised by defendants only in a short footnote to their motion to dismiss brief).

3

4. All other discovery is stayed. If plaintiff or defendants believe any other discovery is necessary for the summary judgment motion, either side shall promptly – and with specificity – so advise the Court, and the Court will consider such request.

5. Defendants are to take plaintiff's deposition by October 12, 2007, and move for summary judgment by November 2, 2007. (These dates apply, absent a stay from Judge Batts, even if any party files objections to this Report and Recommendation.)

### CONCLUSION

For the reasons set forth above, the Court should deny defendants' motion to dismiss (Dkt. No. 20) without prejudice to renewal as a motion for summary judgment, under the procedures set forth above.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Batts (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86

(1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:   New York, New York
         September 19, 2007

                                        Respectfully submitted,

                                        _____
                                        Andrew J. Peck
                                        United States Magistrate Judge

Copies to:   Timothy Makas
             Marc A. Konowitz, Esq. (Fax)
             Judge Deborah A. Batts

H:\OPIN\MAKAS