UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

TIMOTHY MAKAS, :

     Plaintiff, :

   -against- :

DR. KRISTIN ORLANDO, DR. SHAH, DR. MALIK, :
DR. WIREDU, DR. BETH JUDGE, MR. CARBONA,
HOWARD HOLANCHOCK, ZELMA ARMSTRONG, :
DR. G. SHIVASHANKAR & MR. KATHPALIA,
      :
     Defendant.
      :
------------------------------------- x

06 Civ. 14305 (DAB) (AJP)

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Deborah A. Batts, United States District Judge:**

By Report and Recommendation dated September 19, 2007, Makas v. Orlando, 06 Civ. 14305, 2007 WL 2717129 (S.D.N.Y. Sept. 19, 2007) (Peck, M.J.), familiarity with which is assumed, I recommended that defendants' motion to dismiss pro se plaintiff Makas' amended complaint be denied without prejudice, subject to certain procedures. Id. at *1.

Defendants have moved for reconsideration (10/22/07 Konowitz Letter to Court) and also filed objections with Judge Batts, which are pending. This Supplemental Report and Recommendation clarifies aspects of my original Report and Recommendation.

    1.   **Legal Standard for the Motion to Dismiss:** Defendants claim that the Report and Recommendation "applied an incorrect standard of review to defendants' motion to

dismiss" by "relying on Conley v. Gibson (355 U.S. 41 (1957))."  (Dkt. No. 37: Defs. Obj. to R&R, at 5.)  In denying (without prejudice) defendants' motion to dismiss, the Report and Recommendation stated that "it is not clear that plaintiff can present no facts in support of his claims that would state a cause of action."  Makas v. Orlando, 2007 WL 2717129 at *1.  The Court did not cite Conley, or any other case.  The Court, of course, is familiar with the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), and its interpretation by the Second Circuit in Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007).

      As the Second Circuit explained in Iqbal:

> After careful consideration of the [Supreme] Court's opinion [in Bell Atlantic] and the conflicting signals from it that we have identified, we believe the [Supreme] Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.

Iqbal v. Hasty, 490 F.3d at 157-58.  Indeed, my Report and Recommendation, which stayed discovery except for defendants' deposition of plaintiff and then called for defendants to move for summary judgment, was adopting a procedure described in Iqbal:

> Absent any indication from the Supreme Court that qualified immunity might warrant an exception to this general approach and the explicit disclaimer of a heightened pleading standard in *Bell Atlantic*, . . . we conclude that a heightened pleading rule may not be imposed.  However, in order to survive a motion to dismiss under the plausibility standard of *Bell Atlantic*, a conclusory allegation concerning some elements of a plaintiff's claims might need to be fleshed out by a plaintiff's response to a defendant's motion for a more definite statement.  See Fed. R. Civ. P. 12(e).  In addition, even though a complaint survives a motion to dismiss, a district court . . . may nonetheless consider exercising its discretion to permit some limited and tightly controlled reciprocal discovery so that a defendant may probe for amplification of a plaintiff's claims. . . . In addition, the District Court should provide ample opportunity

for the Defendants to seek summary judgment if, after carefully targeted discovery, the evidence indicates that certain of the Defendants were not sufficiently involved in the alleged violations to support a finding of personal liability, or that no constitutional violation took place.

Iqbal v. Hasty, 490 F.3d at 158-59. Whether stated using Conley-like language or Bell Atlantic-Iqbal plausibility language, plaintiff Makas' claim that the defendants continued his confinement in the psychiatric hospital in retaliation for his bringing lawsuits is not implausible, and he may be able to prove facts to support such a claim.

The Court therefore reiterates its original Report and Recommendation that Makas' retaliatory confinement claim should not be dismissed.[1/]

**2. The Retaliatory Ward Transfer Claim:** Defendants correctly note that the Report and Recommendation did not address Makas' retaliatory ward transfer claim (which defendants only had addressed in their Amended Reply Brief). (See Dkt. No. 37: Defs. Obj. to R&R at 28.)

The Amended Complaint alleges "that in May 2005, defendants Malik and Judge transferred [Makas] from the 'honor ward' at the hospital to another ward in retaliation for plaintiff 'doing lawsuit typing during (law) library time instead of going to health class which was assigned at the same time.'" (Dkt. No. 27: Defs. Am. Reply Br. in Further Support of Motion to Dismiss, at 2, quoting Am. Compl. ¶ 23.) Frankly, the Court viewed this as a factual allegation in the retaliatory confinement claim, not a separate cause of action. If Makas intended it as a separate cause of action,

---

[1/] Moreover, because the qualified immunity determination also is fact specific here – what did the defendants do and why – dismissal on qualified immunity grounds is not appropriate at this stage of the case but may be on summary judgment.

however, it is barred by res judicata, since it was raised and disposed of in his prior action, Makas v. Gibson, 05 Civ. 0541 (CLB) (GAY). (See 05 Civ. 0541, Dkt. No. 39: Report & Rec. at 11-12, & Dkt. No. 42: Opinion & Order.) Accordingly, if intended as a cause of action, the defendants' motion to dismiss plaintiff Makas' retaliatory transfer claim on res judicata grounds should be GRANTED.

## CONCLUSION

Supplementing my original Report and Recommendation, plaintiff Makas' retaliatory transfer claim should be dismissed (on res judicata grounds) but in all other respects defendants' motion to dismiss should be denied under the Bell Atlantic-Iqbal standard, and following the discovery/summary judgment protocols set forth in the original Report and Recommendation.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Batts (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86

(1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  New York, New York
        November 21, 2007

Respectfully submitted,

**Andrew J. Peck**
United States Magistrate Judge

Copies to: Timothy Makas
           Marc A. Konowitz, Esq.
           Judge Deborah A. Batts